**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARY C. REA,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CH-1221-18-0397-W-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DATE: May 29, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mary C. Rea, Chesterfield, Missouri, pro se.

Erin E. Milligan, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We VACATE the administrative judge's analysis of whether the appellant exhausted her administrative remedies and FIND instead that the appellant exhausted her administrative remedies. We AFFIRM the administrative judge's conclusion that the appellant did not make a nonfrivolous allegation of a whistleblowing disclosure, and thus, the Board lacks jurisdiction over the appeal. Except as expressly modified by this Order, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed by the agency as a Veterans Claims Examiner. Initial Appeal File (IAF), Tab 5 at 3. On April 17, 2017, the appellant filed a complaint of possible prohibited personnel practice or other prohibited activity with the Office of Special Counsel (OSC). Petition for Review (PFR) File, Tab 6 at 7-14. Among other things, the appellant alleged that her supervisor committed privacy violations and engaged in other improper conduct, that she confronted her supervisor about some of this conduct, and that she believed she was about to be suspended or terminated. *Id*. at 12-14. Effective August 20, 2017, the appellant was removed from her position on charges of absence without leave, misuse of Government equipment, and failure to follow instructions. IAF, Tab 1 at 7, Tab 14 at 2, 4. On March 30, 2018, OSC closed its investigation into the

appellant's complaint and informed her of her right to seek corrective action with the Board. IAF, Tab 5 at 5. The appellant thereafter filed this IRA appeal. IAF, Tab 1.

The administrative judge informed the appellant of how to establish the Board's jurisdiction in an IRA appeal. IAF, Tab 3. In his initial decision, the administrative judge found that the appellant failed to nonfrivolously allege that she made a whistleblowing disclosure that was exhausted with OSC, and he therefore dismissed her IRA appeal for lack of jurisdiction. IAF, Tab 21, Initial Decision (ID) at 4, 9-12. On petition for review, the appellant indicates that she never intended to allege that she suffered reprisal for whistleblowing, and she asks for the Board to appoint an attorney for her, to replace the agency attorney, and to provide her additional time to submit evidence. PFR File, Tab 1 at 10. The agency has filed a response.[2] PFR File, Tab 3. The appellant has also filed a supplement to her petition, which includes her OSC complaint and some of her correspondence with OSC regarding a Freedom of Information Act (FOIA) request.[3] PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). To establish Board

---

[2] The agency asserts that the appellant admitted that her petition for review was untimely filed. PFR File, Tab 3 at 4. However, the Office of the Clerk of the Board has already determined that her petition for review was timely filed. PFR File, Tab 2.

[3] The appellant filed a sworn statement below, claiming that she never received a copy of the agency's proposal or decision letters. IAF, Tab 14 at 4. In light of the due process and election of remedies implications, the Board issued a show cause order directing the agency to submit evidence and argument on the issue. PFR File, Tab 7. In response to the order, the agency submitted evidence showing that it timely delivered both the proposal and decision letters to the appellant's home address. PFR File, Tab 8 at 47-72. The appellant does not dispute this evidence. To the extent that the evidence shows that the appellant refused these deliveries, we find that she constructively received the subject documents under 5 C.F.R. § 1201.22(b)(3).

jurisdiction over an IRA appeal, the appellant must exhaust her administrative remedies before OSC and make nonfrivolous allegations that (1) she made a whistleblowing disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take, fail to take, or threaten to take a personnel action as defined by 5 U.S.C. § 2302(a). *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

We will consider the appellant's evidence on petition for review.

For the first time on review, the appellant submits a number of documents, including her April 2017 OSC complaint, and October and November 2018 correspondence with OSC about FOIA requests that she filed. PFR File, Tab 1 at 13-14, Tab 6 at 7-17. The issue of the Board's jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010); *see Delgado v. Merit Systems Protection Board*, 880 F.3d 913, 920-21 (7th Cir. 2018) (discussing the difficulties an individual may have in obtaining a copy of their OSC complaint). Accordingly, we have considered the documents submitted by the appellant on review.

Based on our review of her petition for review submissions, we find that the appellant exhausted her administrative remedy with OSC.[4]

Under 5 U.S.C. § 1214(a)(3), an employee is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an

---

[4] In the initial decision, the administrative judge noted that the appellant failed to make a nonfrivolous allegation of a protected disclosure that was exhausted with OSC. *E.g.*, ID at 1-2, 4, 9, 12. We believe that these statements improperly conflate the requirement to prove exhaustion and the requirement to make a nonfrivolous allegation of a protected disclosure. Accordingly, we modify the initial decision to vacate the administrative judge's exhaustion analysis, find instead that the appellant exhausted her administrative remedies with OSC, and affirm the administrative judge's conclusion that she did not make a nonfrivolous allegation of a whistleblowing disclosure.

IRA appeal. *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015). The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC, but appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion of their OSC remedies with evidence regarding their initial OSC complaint and other communications with OSC concerning their allegations. *See Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010).

In her OSC complaint, the appellant stated that she suffered retaliation because her supervisor "was called out for [a] privacy violation" on March 4, 2016. PFR File, Tab 6 at 12. The appellant also informed OSC that, on or about February 18, 2016, a coworker sent her an email concerning her "work load which immediately revealed that [the supervisor] was violating [the appellant's] privacy by discussing [her and her] workload with [the coworker]." *Id*. at 13. OSC's close-out letter stated that the appellant asserted reprisal for her disclosure that her privacy was violated when her coworker sent her an email on February 18, 2016, about her workload. IAF, Tab 5 at 5.[5] We therefore modify the initial decision to find that the appellant exhausted her administrative remedies with OSC.[6]

---

[5] OSC's letter further stated that the appellant alleged that the agency had placed her in absence without leave status and subsequently removed her in reprisal for her disclosure. IAF, Tab 5 at 5.

[6] The appellant alleged below that "two disclosure emails" that she sent on August 17, 2016, and December 29, 2016, could have been a contributing factor in everything that happened to her thereafter. IAF, Tab 19 at 5, 9, 11. The appellant further indicated that she was retaliated against for threatening to have her supervisor arrested in or about December 2016. IAF, Tab 1 at 7-9. Although the appellant indicates that she filed "[a]dditional complaints" with OSC after April 17, 2017, PFR File, Tab 6 at 3-4, the record contains no evidence of such filings, any other correspondence between the

<u>The appellant failed to nonfrivolously allege that she made a whistleblowing disclosure.</u>

After determining that the appellant proved exhaustion, we must next consider whether the appellant has nonfrivolously alleged that she made a whistleblowing disclosure or engaged in protected activity. *See Salerno*, 123 M.S.P.R. 230, ¶ 5; *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 5 (2014). A nonfrivolous allegation of a protected disclosure is an allegation of fact that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *See Salerno*, 123 M.S.P.R. 230, ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Id*.

To make a protected disclosure of a violation of law, rule, or regulation, an individual ordinarily must identify the specific law, rule, or regulation that was violated. *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 24 (2015). However, an employee need not identify a statutory or regulatory provision by a title or number when the statements and the circumstances surrounding the making of those statements "clearly implicate an identifiable violation of law, rule, or regulation." *Id*. (quoting *Langer v. Department of the Treasury*, 265 F.3d

appellant and OSC regarding her complaints, or any statements made under penalty of perjury regarding the nature of the additional complaints that she made to OSC. Accordingly, because there is no evidence whatsoever that the appellant informed OSC about the purported disclosures that she made in August and December 2016, or of the threat of arrest she made against her supervisor, the Board lacks jurisdiction over any claim of reprisal she may have suffered for such actions.

1259, 1266 (Fed. Cir. 2001)). These requirements apply equally to pro se appellants. *Langer*, 265 F.3d at 1262, 1266.

Here, the record reflects that the appellant disclosed to her supervisor that she (the supervisor) violated her privacy by discussing her workload with one of her coworkers. IAF, Tab 19 at 5; PFR File, Tab 6 at 12-13. The appellant does not state what, specifically, the supervisor revealed about her workload, or explain why she believed that she had a right to have that information kept private. The appellant has not identified any specific law, rule, or regulation that her supervisor's actions would have violated, nor are we aware of any laws, rules, or regulations which are implicated by the alleged acts. Accordingly, we find that the appellant has failed to nonfrivolously allege that her disclosure evidenced a violation of any law, rule, or regulation. *See Ayers*, 123 M.S.P.R. 11, ¶ 24 (finding that the appellant's allegation of an improper relationship was not a protected disclosure).

An abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to herself or preferred other persons. *Pasley v. Department of the Treasury*, 109 M.S.P.R. 105, ¶ 18 (2008). There is no de minimis standard for abuse of authority as a basis of a protected disclosure. *Id*. Harassment or intimidation of other employees may constitute an abuse of authority. *Id*. A supervisor's use of her influence to denigrate other staff members in an abusive manner and to threaten the careers of staff members with whom she disagrees constitutes abuse of authority. *Id*.

Here, the appellant has provided virtually no details about what, specifically, the supervisor allegedly said to the coworker about the appellant's workload. IAF, Tab 19 at 5; PFR File, Tab 6 at 12-13. We therefore find that a disinterested observer could not reasonably conclude that the supervisor's alleged statement constituted an abuse of authority. *See Mc Corcle v. Department of*

*Agriculture*, 98 M.S.P.R. 363, ¶ 24 (2005) (finding that vague allegations of wrongdoing, lacking in specific detail, fail to rise to the level of nonfrivolous allegations of a protected disclosure).

Gross mismanagement means a management action or inaction that creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission. *Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 11 (2008). Here, a reasonable person could not conclude that the supervisor's alleged statements about the appellant's workload constituted gross mismanagement. We also are not persuaded that the appellant's disclosure constituted a nonfrivolous allegation of a substantial and specific danger to public health or safety. Accordingly, we find that the appellant has failed to make a nonfrivolous allegation of a whistleblowing disclosure and has therefore failed to establish the Board's jurisdiction over this appeal.[7] Because of this finding, we need not address whether the appellant made a nonfrivolous allegation of contributing factor.

<u>The appellant has failed to establish any other basis for granting the petition for review.</u>

On review, the appellant states the following:

In its closeout letter, OSC characterized my claims as a result of whistleblowing reprisal along with numerous misstatements of facts. They are not and have never been. I completed Form OSC-11 which is for "COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE OR OTHER PROHIBITED ACTIVITY." Part 2 of that form, "Reprisal for Whistle blowing[,]" was never completed by me.

I also did not complete Form OSC-12 "INFORMATION ABOUT FILING A WHISTLEBLOWER DISCLOSURE WITH THE OFFICE OF SPECIAL COUNSEL".

---

[7] Additionally, in her OSC complaint, the appellant indicated that she filed a complaint with the Equal Employment Opportunity Commission in September 2016, filed a grievance in December 2016, her spouse reported her issues to the agency Inspector General in December 2016, and she would "soon" report her issues to a member of Congress. PFR File, Tab 6 at 8. The appellant has not specifically alleged in this appeal that she suffered reprisal for these activities.

PFR File, Tab 1 at 10 (grammar and capitalization as in original). We construe the appellant's statements on review as an indication that she never intended to allege that she suffered reprisal for whistleblowing; rather, it appears that she is seeking adjudication of the underlying removal action. In an IRA appeal, the Board lacks the authority to adjudicate the merits of the underlying personnel action; rather, our jurisdiction is limited to adjudicating the whistleblower allegations. *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). Accordingly, to the extent that the appellant asks the Board to adjudicate the underlying removal in this IRA appeal, we lack jurisdiction to do so.

In her petition for review submission, the appellant asks "to resume this appeal in July or August 2019," after she recovers from surgery scheduled in March 2019. PFR File, Tab 6 at 3. This request appears moot. As of the date of this Order, the appellant has not provided any additional evidence.

On review, the appellant also requests that the Board appoint an attorney to represent her. PFR File, Tab 1 at 10. It is the appellant's obligation to secure representation because there is no law, rule, or regulation requiring the Board to appoint counsel for her. *See Rosado v. Department of the Air Force*, 46 M.S.P.R. 539, 541 n.1 (1991). Her request is therefore denied.

The appellant additionally requests a copy of the agency file, and that the agency attorney, whom she claims failed to comply with the administrative judge's order to produce the agency file, be replaced. PFR File, Tab 1 at 10. In his May 25, 2018 acknowledgement order, the administrative judge ordered the agency to produce the materials listed on an enclosed schedule, along with other information required by 5 C.F.R. § 1201.25, within 20 calendar days. IAF, Tab 2 at 6-7. In its June 5, 2018 motion to dismiss and to stay deadlines, the agency requested a stay of its deadlines pending a decision on jurisdiction. IAF, Tab 7 at 12. The administrative judge did not rule on that request, and the agency never produced the required documentation.

The Board will normally only consider an argument raised for the first time on review if it is based on new and material evidence not previously available despite the petitioner's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d). In none of the 12 pleadings that the appellant filed with the Board between when the agency file was due and the issuance of the initial decision did she argue that the agency failed to comply with the acknowledgement order by failing to submit the agency file or otherwise argue that the agency representative should be disqualified. IAF, Tabs 8-12, 14-20. Even if we consider this argument, the appellant has not explained how production of the agency file would enable her to make a nonfrivolous allegation of Board jurisdiction. We therefore deny her request. We also deny her request to replace the agency attorney.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.